<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :    Chapter    13
*In re*:                                                     :
                                                             :    Case No.    17-36804 (CGM)
    Charles L. Walker, III, and                         :
    Margit H. Walker,                                    :
                                                             :
                                                   Debtors.   :
                                                             :
-------------------------------------------------------------X

## MEMORANDUM DECISION GRANTING MOTION TO BIFURCATE AND VOID

**A P P E A R A N C E S:**

Andrea B. Malin
Genova & Malin, Attorneys
The Hampton Center
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600

Samuel Dolinger
Geoffrey S. Berman
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2677

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Now before the Court is a motion to "strip-down" a federal tax lien against personal

property pursuant to 11 U.S.C. § 506(a) and (d).

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); 157(b)(2)(K) (determinations of the validity, extent, or priority of liens).

**Background**

Charles L. Walker, III, and Margit H. Walker ("Debtors") filed for chapter 13 bankruptcy relief on October 26, 2017 (the "Petition"). Bankr. Pet., ECF No. 1.[1] In the Petition, Debtors listed assets of real property located at 200 Van Wyck Lake Road, Fishkill, NY (the "Real Property") and a Florida timeshare, a 2012 Volkswagen Jetta, a 2003 Nissan Frontier, household goods and furnishing, three firearms, wedding jewelry, a dog, three bank accounts, two 401(k) accounts, and a 529 education account (collectively the "Personal Property"). *Id*. Debtors value the Personal Property at $73,775.95. *Id*. The Debtors are surrendering the Real Property through their chapter 13 plan. Mem. Mot. to Bifurcate at 8, ECF No. 20. The Petition lists the Internal Revenue Service ("IRS") as a secured creditor holding four separate income tax liens for tax years 2010, 2011, 2012, and 2013. *Id*. On November 2, 2017, the IRS filed a secured claim in the amount of $185,974.73 ("Claim No. 2-1"). Claim No. 2-1, ECF Claims Register.

On February 9, 2018, Debtors filed a motion to void and bifurcate the IRS' tax lien pursuant to 11 U.S.C. § 506(a) and (d) and an objection to claim pursuant to 11 U.S.C. § 502(a)(1) and Federal Rule of Bankruptcy Procedure 3007 (the "Motion to Bifurcate and Void"). Mot. To Bifurcate, ECF No. 19. The Debtors seek to reduce Claim No. 2-1 to a secured claim of

---

[1] Unless otherwise indicated, all citations and/or references to documents and exhibits are to the docket of *In re Walker*, Case No. 17-36804 (CGM) (Bankr. S.D.N.Y. Oct. 26, 2017).

$73,775.95, which is the value of the Debtors' Personal Property, and to pay the reduced amount through a chapter 13 plan of reorganization. Mot. to Bifurcate at 2-5.  Debtors argue that the $112,198.78 – which is the difference between the IRS' original secured claim amount of $185,974.73 and the value of the Debtors' Personal Property – may be reclassified from a secured claim to a general unsecured claim and that portion of the IRS lien is avoided. *Id*.; Mem. Mot. To Bifurcate at 14-15, ECF No. 20.

In opposition, the IRS argues that the Motion to Void and Bifurcate should be denied as there is a discrepancy between the line-items of Personal Property, which add up to $72,525.95 in the Petition, and the total amount asserted herein of $73,775.95.  Opp'n at 3-2, ECF No. 27. The IRS further objects on three grounds: (1) § 506(d) can be used to only void liens securing claims that are not allowed and it is undisputed that the IRS has an allowed tax lien in this case that may not be reduced or voided, *Id*. 5-10; (2) § 1325(a)(5)(B) guards against modification of the IRS' tax claim through a chapter 13 plan, which has not been confirmed, *Id*. 11-14; and (3) an IRS tax lien enjoys special protections as a bankruptcy discharge does not destroy a United States tax lien and the IRS is able to seek *in rem* relief against a debtor's property.  *Id*. 14-16.

At the hearing held April 10, 2018, oral argument was held and the Court reserved this written decision to consider whether an IRS tax lien is exempt from the application of 11 U.S.C. §§ 506(a), (d) and 1322 when a debtor's only assets are personal property.

## Discussion

At the hearing held on April 10, 2018, the Court reserved this decision to consider whether the IRS' tax lien may be "stripped down" against the value of the Personal Property. Tr. April 10, 2018 at 8, ECF No. 31.  In error, an administrative entry dated April 10, 2018, states that the Motion to Bifurcate and Void is denied. ECF, *In re Walker*, Case No. 17-36804 (CGM)

(Bankr. S.D.N.Y. Oct. 26, 2017).  As the Court did not render a final determination on the Motion to Bifurcate and Void on April 10, 2018, the record will be amended as necessary to reflect this written decision pursuant to Federal Rule of Civil Procedure 60(a). Fed. R. Civ. P 60(a) ("The court may correct a clerical mistake … whenever one is found in … part of the record.  The court may do so on motion or on its own.").

**A secured creditor's lien may not be avoided under 11 U.S.C. § 506(d)**

Debtors' Motion to Bifurcate and Void seeks to reduce the IRS' tax lien down to the value of the Personal Property  pursuant to 11 U.S.C. § 506(a) and (d). These two code provisions provide as follows:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim."
> …
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void …

11 U.S.C. § 506(a)(1), (d).

While § 506(a) and (d) once worked in tandem to authorize "lien-stripping,"[2] this is no longer the case. *Quinones v. United States (In re Quinones)*, 2017 Bankr. LEXIS 4434, at *19 (Bankr. D.P.R. Dec. 29, 2017).  The Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410 (1992), foreclosed § 506(d)'s application as a statutory basis to void a creditor's lien.[3] *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) ("Therefore, we hold that § 506(d) does not allow

---

[2] Variants of this phrase are a "strip-down" wherein an undersecured creditor's lien is reduced to the equity value held by the Debtor in the collateral (after the amount of any superior lien is deducted from the fair market value of the collateral), and, a "strip-off" wherein a wholly-unsecured creditors lien is removed from collateral in which there is no equity value. *Johnson v. IRS (In re Johnson)*, 386 B.R. 171, 173 (Bankr. W.D. Pa. 2008).

[3] While *Dewsnup*'s holding was limited to chapter 7 cases, courts considering lien avoidance issues after *Dewsnup* moved away from § 506(d) as a voiding power in reorganization cases.  *See In re Bellamy*, 962 F.2d 176, 183 (2d Cir. 1992); *Sapos v. Provident Inst. of Sav.*, 967 F.2d 918, 925 (3d Cir. 1992).

petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502."). Prior to the Supreme Court's ruling in *Dewsnup v. Timm*, the application of § 506(d) "had been generally understood to mean that a debtor or trustee could ask the court to void a lien associated with an undersecured claim to the extent that [the lien] exceeded the amount of the allowed secured claim, thereby limiting the lien to the secured portion." *Dever v. IRS (In re Dever)*, 164 B.R. 132, 135 (Bankr. C.D. Cal. 1994). Section 506(d) now serves the reduced function of voiding a lien only when the claim it secures has not been allowed. *Bank of Am., N.A. v. Caulkett*, 135 S. Ct. 1995, *59 (2015) ("There is scant support for the view that §506(d) applies differently depending on whether a lien was partially or wholly underwater.").

> Section 506(d)'s omission as a statutory basis for avoiding a lien is well reasoned:
>
> In addition to the fact lien stripping under section 506(d) is simply not necessary in the chapter 11, 12 and 13 context, it is also not warranted. First, there is no principled way to conclude that, although section 506(d) does not authorize lien stripping in chapter 7 cases, it has a different meaning in chapter 11, 12 and 13 matters. Pursuant to section 103(a), the provisions of section 506 apply in each of chapters 7, 11, 12 and 13 and no basis exists to alter the meaning of the provision depending on the chapter in which it is applied.
>
> Second, section 506(d) contains none of the safeguards to be found in sections 1129(b), 1225 and 1325 governing the treatment of secured claims and lien rights. The fairness of any particular adjustment to the lien rights of a secured creditor depends on factors that section 506(d) does not begin to probe. In contrast, section 1129(b), for example, contains a host of requirements that are extremely sensitive to context. In addition, it would make no sense to conclude that, whereas a plan proponent is expressly authorized to adjust the lien rights of a secured creditor under section 1123(b)(5) subject to certain enumerated exceptions, that authority is likewise duplicated in section 506(d) but without the limitations contained in section 1123(b)(5) regarding first priority liens on a debtor's principal residence. <u>The better view is that section 506(d) does not authorize lien stripping. Rather, the ability to adjust the lien rights of secured creditors is provided for elsewhere in the Code.</u>

*In re IRS of the Dep't of the Treasury of the United States v. Johnson*, 415 B.R. 159, 167 (W.D. Pa. 2009) (*quoting* 4 COLLIER BANKRUPTCY MANUAL P 506.06[1][c]) (emphasis in original); *see also Woolsey v. Citibank, N.A. (In re Woolsey)*, 696 F.3d 1266, 1278 (10th Cir. 2012) (noting that out of all the circuit courts approving of lien stripping in reorganization cases, not a single one relies on § 506(d)).

Here, Claim No. 2-1 filed by the IRS is secured by the IRS' tax lien and is an allowed claim. As § 506(d)'s reduced function is to void a lien when the claim is secures has not been allowed, the Motion to Bifurcate and Void must be denied under § 506(d).

The facts and issues presented in this case bear similarity to those presented in *In re Garrido-Yarnis*, 545 B.R. 459, 460 (Bankr. S.D.N.Y. 2016), in which a chapter 13 debtor moved to avoid an IRS tax lien against her primary residence under § 506(d). In *In re Garrido-Yarnis*, the Court applied a well-established standard in this Circuit: a chapter 13 debtor is able to void a junior mortgage lien in its entirety when the junior mortgage lien is wholly unsecured. *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 125 (2d Cir. 2001). Applying the *Pond* standard, the Court held that a chapter 13 debtor may not void an IRS tax lien from his or her principal residence if there is one dollar of value in personal property for the tax lien to attach to. *In re Garrido-Yarnis*, 545 B.R. 459, 461 (Bankr. S.D.N.Y. 2016) (*citing Nobelman*, 508 U.S. at 328-29). The Court reasoned that unlike mortgage liens that attach to specific parcel or parcels of real property, a federal tax lien created under 26 U.S.C. § 6321 creates a single lien on all of a debtor's real and personal property.[4] *Id*.

---

[4] "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

The IRS petitions the Court to apply *In re Garrido-Yarnis*' holding to the facts and issues raised in this case and deny the Motion to Bifurcate and Void in its entirety. While this case and *In re Garrido-Yarnis* both concern an IRS tax lien created under 26 U.S.C. § 6321, *In re Garrido-Yarnis* did not resolve whether an IRS tax lien may be modified and treated under a plan of reorganization.

### Claim No. 2-1 filed by the IRS is not protected by the anti-modification provision of § 1322(b)(2) and may be modified

While *Dewsnup* foreclosed a debtor's ability to "strip down" a secured creditor's lien under § 506(d), chapter 13 debtors are still able to modify a secured creditor's lien through § 506(a) and a plan of reorganization. *E.g.*, *In re Bellamy*, 962 F.2d 176, 183 (2d Cir. 1992) ("[A]llowing Chapter 13 debtors to strip down an undersecured residential mortgagee's claim forwards the legislative purpose of furthering reorganizations for individuals with regular income to enable them to retain their homes."); *Sapos v. Provident Inst. of Sav.*, 967 F.2d 918, 925 (3d Cir. 1992) ("Accordingly, we hold that the *Dewsnup* Court's interpretation of section 506 in a chapter 7 liquidation does not apply in this chapter 13 reorganization."). Instead of relying on § 506(d), "lien stripping is executed in the following manner in a chapter 13 case: a lien is bifurcated into secured and unsecured claims under § 506(a) and then an allowed secured claim can be modified under §1322(b)(2) in conjunction with a debtor's confirmed plan of reorganization." *In re IRS of the Dep't of the Treasury of the United States v. Johnson*, 415 B.R. 159, 168-69 (W.D. Pa. 2009); *accord Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 127 (2d Cir. 2001); *see also* 11 U.S.C. §§ 1322(b)(2) (contents of plan) and 1325 (confirmation of plan).

While 26 U.S.C. § 6321 confers upon the IRS a single lien on all of a debtor's real and personal property for nonpayment of taxes, the IRS is not afforded any added protection or special status that guards against modification of a creditor's lien rights through a chapter 13 plan. *In re IRS of the Dep't of the Treasury of the United States v. Johnson*, 415 B.R. 159, 170 (W.D. Pa. 2009); *see also Brinson v. United States (In re Brinson)*, 485 B.R. 890, 902 (Bankr. N.D. Ill. 2013); 11 U.S.C. § 1322(b)(2). As relevant here, 11 U.S.C. § 1322(b)(2), known as the antimodification provision, provides that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured **only** by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2)(emphasis added). The antimodification provision was enacted to protect mortgagees, not a government agency such as the IRS. *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 125 n.4 (2d Cir. 2001) ("The legislative history of Section 1322(b)(2) suggests that Congress sought to protect claims secured by a debtor's principal residence 'to encourage the flow of capital into the home lending market.'") (*quoting Nobelman v. American Sav. Bank*, 508 U.S. 324, 332 (1993) (Stevens, J., concurring)).

As Claim No. 2-1 filed by the IRS is secured by the Debtors' real and personal property in this case, it is not subject to the anti-modification exception that protects mortgagees. For this reason, the Court finds that Claim No. 2-1 may be bifurcated into secured and unsecured claims pursuant to 11 U.S.C. § 506(a). Once the value of the Debtors' Personal Property is determined, Claim No. 2-1 and the underlying tax lien is subject to modification under 11 U.S.C. §§ 1322(b)(2) and 1325. The IRS will retain its lien on the Personal Property until such time as the earlier of payment in full or when a chapter 13 plan is performed.[5] *See Brinson v. United States*

---

[5] By General Order M-518, the Bankruptcy Court for the Southern District of New York incorporated a model chapter 13 plan effective December 1, 2017. Section 3.5 of the model chapter 13 plan provides that the "holder of any claim … will retain its Lien on the property of the estate until such time as the earlier of (i) payments in full, or

*(In re Brinson)*, 485 B.R. 890, 902 (Bankr. N.D. Ill. 2013) ("A lien cannot be avoided before discharge is entered under 11 U.S.C. § 1328.").

## Conclusion

For the foregoing reasons, the Court grants the Debtors' Motion to Bifurcate and Void. Debtors shall submit a separate order consistent with this decision.

/s/ Cecelia G. Morris

Dated: August 6, 2018
Poughkeepsie, New York

Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge

(ii) the Plan is performed and (b) will retain its Lien ... te property." Form Chapter 13 Plan, available at *http://www.nysb.uscourts.gov/chapter-13-filing-and ... ation.*