**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　CHARLES L. WALKER, III and<br>　　MARGIT H. WALKER,<br><br>　　　　　　　　Debtors. | Chapter 13<br><br>Case No. 17-36804 (CGM) |

### ORDER ON DEBTORS' MOTION TO BIFURCATE AND VOID

Pursuant to the Court's Memorandum Decision Granting Motion to Bifurcate and Void dated August 6, 2018, it is hereby ORDERED as follows:

1.　The portion of motion of Debtors Charles L. Walker, III, and Margit H. Walker ("Debtors") seeking to avoid the federal tax liens of the Internal Revenue Service ("IRS") pursuant to 11 U.S.C. § 506(d) is DENIED. The IRS holds an allowed, secured claim. The Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410 (1992), foreclosed § 506(d)'s application as a statutory basis to void a creditor's lien.

2.　A secured creditor's lien may be modified through 11 U.S.C. § 506(a) and a plan of reorganization pursuant to 11 U.S.C. § 1322(b)(2). The IRS's claim is not protected by the antimodification provision of 11 U.S.C. § 1322(b)(2), which applies to claims "secured only by a security interest in real property that is the debtor's principal residence."

3.　The portion of Debtors' motion seeking to revalue the IRS's claim pursuant to 11 U.S.C. § 506(a) is conditionally GRANTED. The Debtors may present sufficient evidence to the satisfaction of the parties in interest to demonstrate the valuation of their personal property, or the parties may engage in discovery and present the issue of valuation under § 506(a) to the Court for a determination. Once the value of Debtors' personal property is determined, the IRS's

claim and the underlying tax liens are subject to modification through a plan of reorganization under 11 U.S.C. §§ 1322(b)(2) and 1325.

4. The IRS's tax liens will remain in place in full throughout the pendency of this case, until such time as the earlier of payment in full of the underlying debt determined under nonbankruptcy law, or when a Chapter 13 plan is performed and a discharge of the underlying debt is entered under 11 U.S.C. § 1328. After payment in full, or when a Chapter 13 plan is performed and a discharge of the debt is entered under 11 U.S.C. § 1328, the IRS's liens shall be discharged from the property of the estate. The IRS's liens remain valid *in rem* as to any non-estate property acquired before the petition date. *See* S.D.N.Y. Model Chapter 13 Plan § 3.5 (providing that the "holder of any claim . . . will retain its Lien on the property of the estate until such time as the earlier of (i) payments in full, or (ii) the Plan is performed; and (b) *will retain its Lien on non-estate property*" (emphasis added)); *see also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Isom*, 901 F.2d 744, 745 (9th Cir. 1990); *United States v. Alfano*, 34 F. Supp. 2d 827, 837 (E.D.N.Y. 1999).

SO ORDERED.



Dated: August 23, 2018
Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge